UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BCR LAND SERVICES, INC.; JIM REYNOLDS; and ALL IN DIRT WORKS, LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>BRYERS PROPERTIES, WA, LLC,<br><br>     Defendant. | Case No. 2:23-cv-00208-CWD<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion in limine. (Dkt. 38.) The parties filed responsive briefing and the motion is at issue. Having reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). This order formalizes the Court's ruling on the various topics raised in the motion.[1]

---

[1] Defendant titled the motion in limine as "Motions in Limine." (Dkt 38.) However, the motion was filed as a single pleading with 12 requests as topics. As such, the Court will address each request herein.

MEMORANDUM DECISION AND ORDER - 1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs BCR Land Services, Inc., Jim Reynolds, and All In Dirt Works, LLC filed a complaint on April 27, 2023, against Defendants ` Properties, WA, LLC, Walt Borchers, and Tony Califano, raising claims for breach of contract and unjust enrichment. (Dkt. 1.)[2] Following the Court's ruling on Defendants' motion for partial summary judgment, the claims proceeding to trial are Plaintiffs' claims for breach of contract and unjust enrichment against only Defendant Bryers Properties, WA, LLC. (Dkt. 41.)[3] A jury trial is set to commence on March 11, 2024. (Dkt. 19, 27.)

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin. Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered" *Luce v. United States*, 469 U.S. 38, 40 (1984).

---

[2] Because the facts are well known to the parties and Court, they will not be recited in full here.

[3] On Defendants' motion for partial summary judgment, the Court dismissed Plaintiffs' claims against Walt Borchers and Tony Califano, in their individual capacities. (Dkt. 41.) Thus, Walt Borchers and Tony Califano were dismissed as individual Defendants to the case.
    The Court also dismissed Plaintiffs' request for consequential damages related to the dissolution of All In Dirt Works, LLC.

Generally, motions in limine excluding broad categories of evidence are disfavored—as such issues are more fairly dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, it is sometimes necessary to defer ruling until trial when a better estimate of the impact of the evidence on the jury can be made by the trial judge. *Crawford v. City of Bakersfield*, No. 1:14-cv-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016).

Denial of a motion in limine does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's denial of a motion in limine. Where a motion in limine is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

## DISCUSSION

### A. Evidence Related to Plaintiffs' Claim to Pierce the Corporate Veil and Request for Compensatory Damages

Defendant's first and second requests concern the scope of Plaintiffs' claim to pierce the corporate veil, as well as Plaintiff's request for damages[4] related to the dissolution of All In Dirt Works, LLC. Specifically, Defendant seeks to exclude any evidence of corporate formalities allegedly breached by Bryers Properties, WA, LLC; and any evidence of proximate causation for the dissolution of All In Dirt Work, LLC. With regard to these requests, Defendant's motion will be denied as moot due to the Court's ruling in favor of Defendants on the motion for partial summary judgment. (Dkt. 41, 46.)

### B. Argument During Jury Selection

Defendant's third request is for an order precluding all counsel from posing any questions to the jury during voir dire that are, in substance, arguments of the case. Plaintiffs agree and stipulate to the same. Accordingly, Defendant's third request will be granted. Therefore, all counsel will be prohibited from posing questions to the jury during voir dire which: ask a prospective juror to anticipate instructions on the law which have not yet been given; solicit a juror's opinion as to the law or legal terms; and are, in substance, arguments of the case.

---

[4] Defendant refers to the damages as compensatory. However, any damages resulting from the dissolution of All In Dirt Works, LLC are consequential.

### C. Discovery During Trial

Defendant requests an order prohibiting Plaintiffs' counsel from making requests or demands in the presence of the jury for documents or for information that may be contained in the records of Defendant's testifying witnesses. Plaintiffs do not oppose the request. The request will be granted, and the order will apply equally to both parties.

### D. Motion in Limine Re: General Orders

Defendant also requests general in limine orders relating to several topics. No particular evidence is sought to be precluded in these general requests. Instead, Defendant seeks an order confirming that the rules governing the admissibility of testimony and evidence will be adhered to during the trial. In response, Plaintiffs agree that the applicable rules should be followed and applied equally to both parties. (Dkt. 43.)

Requests for general in limine orders are not proper motions in limine. No particular testimony or evidence has been identified in these general requests that Defendant seeks to exclude. For that reason, the motion is denied as to the general in limine requests. At trial, the Court will rule on the admissibility of evidence as it is presented or proffered based on the governing rules and applicable law. The parties are directed to adhere to the requirements for presenting and admitting evidence, which they both have indicated they intend to do in their briefing on the motion. (Dkt. 38, 43.) With that said, the Court will address below six of the general topics to assist counsel with their preparation for trial.

### 1. Offers of Settlement

Defendant requests to preclude any reference to any offers of settlement, judgment, or compromise made by Defendant during the course of settlement negotiations, and any offers of judgment made pursuant to Fed. R. Civ. P. 68. Both parties are subject to Federal Rule of Evidence 408, concerning "Compromise Offers and Negotiations," and are expected to follow the limitations and exceptions of that rule. Both parties are prohibited from referring to or offering evidence of such matters.

### 2. Golden Rule

Defendant asks that Plaintiffs' counsel refrain from asking the jurors to place themselves in the position of the plaintiffs. This is the so-called "Golden rule" argument. "The 'Golden rule' argument is uniformly prohibited where it is used to inflame the jury and encourage an increased damage award." *Lopez v. Langer*, 761 P.2d 1225, 1230 (Idaho 1988).

The general admonition against an attorney, for whichever party, asking jurors to put themselves in the shoes of any of the parties to the case, in whatever form that might take, applies to this case in the same measure as it would in any other trial, and it does not require a motion in limine to impose such an obligation upon counsel. The Local Rules of this District, and the Idaho Rules of Professional Conduct, govern the conduct of any attorney appearing (whether admitted for all purposes, or admitted pro hac vice for a particular case) before the U.S. District Court for the District of Idaho. Such rules

include the general nature of the so-called Golden rule, along with similar limitations upon the nature of proof and argument at trial, contained in Rule 3.4 of the Idaho Rules of Professional Conduct, dealing with Fairness to Opposing Party and Counsel.

Thus, both parties should refrain from using the Golden rule argument to inflame the jury. Both sides, however, may appeal, in a moderate manner, to a jury's common sense by asking them to ascertain the reasonableness of either party's actions. *Id.*

### 3. Argument Intended to Arouse Juror Passion and Prejudice

Defendant argues that Plaintiffs and their counsel should be precluded from using unfair characterizations and attempts to sway the jury to decide this matter based on their emotions instead of the evidence. For instance, Defendant asserts that Plaintiffs should not be allowed to state or imply that they were being forced to bring this case to trial, or that Defendant refused to settle. As currently stated, however, Defendant's request is too broad for the Court to articulate any meaningful order. Accordingly, the Court denies Defendant's broad request to preclude arguments directed at arousing juror passions, although it cautions both parties to refrain from inappropriate references or arguments that stray from the evidence of the case.

### 4. Learned Treatises

Defendant requests that the Court prohibit Plaintiffs' counsel from using any learned treaties, either in direct or cross examination of any expert witnesses, which have not been disclosed prior to trial, that are otherwise outside the scope of Federal Rule of Evidence 803(18), or that lack the foundation required by Rule 803(18).

Federal Rule of Evidence 803(18) provides that the following category of evidence is not excluded by the rule against hearsay:

> A statement contained in a treatise, periodical, or pamphlet if: (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice. If admitted, the statement may be read into evidence but not received as an exhibit.

The basis for the "learned treatise exception" to the hearsay rule is that learned treatises usually have "sufficient assurances of trustworthiness to justify equating them with the live testimony of an expert. First, authors of treatises have no bias in any particular case. Second, they are acutely aware that their material will be read and evaluated by others in their field, and accordingly feel a strong pressure to be accurate." 2 McCormick on Evidence § 321 (8th ed.)  The rule requires that the reliability of the publication must be established, which demonstrates that it is viewed as trustworthy by professionals in the field.  Authoritativeness can be established by the expert of either party or by judicial notice. *Id.*  The rule requires also that the publication must be called to the attention of an expert on cross-examination or relied upon by the expert in direct examination. *Id.*  There is no requirement in the rule that learned treatises used pursuant to Fed. R. Evid. 803(18) be disclosed to the opposing party prior to trial. However, the expert witness disclosure rules may address this issue.

In light of the Court's guidance set forth above, as well as Plaintiffs' indication that they do not intend to call expert witnesses, Defendant's request will be denied.  The

**MEMORANDUM DECISION AND ORDER - 8**

parties are expected to comply with Federal Rule of Evidence 803(18), as well as with Rules 26(a)(2)(B) and 26(b)(4).

### 5. Expert Testimony Limited to Previously Disclosed Opinions

Defendant also requests the Court exclude the testimony of Plaintiffs' experts that goes beyond the subject matter and opinions expressed in their Rule 26 reports. Defendant has not identified specifically any witnesses or opinions, however. Further, Plaintiff has indicated that no formal expert witnesses will be called.[5] Accordingly, Defendant's request will be denied.[6]

### 6. Exclusion of Witnesses

As requested and agreed to by the parties, the Court will order that all non-party witnesses be excluded from the courtroom during the trial prior to their own testimony, except for those witnesses not subject to exclusion under Federal Rules of Evidence 615(a)-(d).

---

[5] In response to Defendant's request, however, Plaintiffs seek to clarify that they will rely on the opinion of lay witnesses pursuant to Federal Rule of Evidence 701. Rule 701 allows "opinion of lay witnesses based on the experience of the witness." Further, Rule 701 limits opinion testimony to one that is "rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. The Court will follow Rule 701, when necessary, at trial.

[6] During the hearing on February 12, 2024, Defendant had indicated that it expects to call Tony Califano as a formal expert witness at trial. (Dkt. 48.) Plaintiffs do not oppose, given that, at trial, the proper foundation is laid under Federal Rule of Evidence 702. In this respect, Defendant is expected to comply with Federal Rule of Evidence 702.

**MEMORANDUM DECISION AND ORDER - 9**

### E. Referral to Plaintiffs as "Victims"

Defendant requests the Court prohibit Plaintiffs from referring to themselves as "victims," arguing that the term carries with it the connotation that Defendant committed a criminal act, and that the term would unfairly create a potential prejudice inference in favor of Plaintiffs, citing Federal Rules of Evidence 403 and 404.  Plaintiffs do not oppose the request.  The request will be granted, and the ruling extends to both parties.

### F. Court's Pretrial Rulings

Defendant requests the Court to exclude any references to the filing of its motion in limine, and any other pre-trial motions.  Plaintiffs do not oppose the request.  Thus, the request will be granted, and the ruling will extend to both parties.

## CONCLUSION

To be sufficiently clear, the Court finds as follows with respect to each of Defendant's requests:

| Defendant's Request No. | Defendant's Request | Ruling |
| --- | --- | --- |
| 1 | Evidence Re: Failure to Follow Corporate Formalities | Denied as moot pursuant to the Court's ruling on Defendants' Motion for Partial Summary Judgment |
| 2 | Evidence Re: Corporate Dissolution | Denied as moot pursuant to the Court's ruling on Defendants' Motion for Partial Summary Judgment |
| 3 | Argument During Jury Selection | Granted |
| 4 | Offers of Settlement | Denied as to general in limine request |
| 5 | Discovery During Trial | Granted |
| 6 | Golden Rule | Denied as to general in limine request |

| 7 | Argument Intended to Arouse Juror Passion and Prejudice | Denied as to general in limine request |
|---|---|---|
| 8 | Learned Treatises | Denied as to general in limine request |
| 9 | Exclusion of Witnesses | Denied as to general in limine request |
| 10 | Referral to Plaintiffs as "Victims" | Granted |
| 11 | Court's Pretrial Rulings | Granted |
| 12 | Expert Testimony Limited to Previously Disclosed Opinions | Denied as to general in limine request |

This Order is intended to assist the parties in their preparation for trial by, to the extent possible, giving the parties guidance in structuring their presentation of evidence. The parties must abide by the Court's rulings but may ask for reconsideration, if appropriate, as trial progresses. The final ruling on the admissibility of particular testimony or piece of evidence will be made at trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling."). During the trial, the parties are directed to advise the Court in advance of evidentiary issues they anticipate arising so that the Court can address the same outside the presence of the jury, if necessary. The parties shall do so by notifying the law clerk regarding such issues well in advance of the evidence being offered.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

Case 2:23-cv-00208-CWD   Document 51   Filed 02/12/24   Page 12 of 12

1) Defendant's Motion in Limine (Dkt. 38) is **GRANTED IN PART and DENIED IN PART.**

DATED: February 12, 2024

_____
Honorable Candy W. Dale
United States Magistrate Judge